UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 1:16-CR-057 |
| ) | |
| THOMAS LEBRON HUGHES ) | |

### **MEMORANDUM AND ORDER**

Defendant Thomas Lebron Hughes again seeks compassionate release from prison pursuant to 18 U.S.C. 3582(c)(1)(A)(i). [Docs. 91, 94]. He also again moves for the appointment of counsel. [*Id.*]. The United States has responded in opposition [doc. 95], and the defendant not replied within the time allowed by this Court's Local Rules. For the reasons that follow, the defendant's latest filings will be denied.

### I. BACKGROUND

In 2017, the Honorable Harry S. Mattice, Jr., sentenced the defendant to a net term of 166 months' imprisonment for attempted carjacking and for discharge of a firearm during and in relation to a crime of violence. [Doc. 46]. The defendant is presently housed at USP Terre Haute with a projected release date of February 18, 2028. *See* Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Sept. 1, 2022).

The defendant first moved for compassionate release, *pro se*, in September 2020. [Doc. 63]. That motion was denied, with leave to renew, by the Honorable Travis R. McDonough for failure to exhaust administrative remedies. [Doc. 66].

The defendant again moved for compassionate release, *pro se*, in December 2020. [Doc. 70]. The undersigned denied that motion on its merits [doc. 82], and that ruling was affirmed by the appellate court. [Doc. 85].

The defendant filed the present *pro se* "Motion for 18 U.S.C. 3582(c)1)(A)(i)(ii) Memorandum of Law to Support a reconsideration and to reduce or correct sentence also requesting Attorney" on June 30, 2022, followed by a supplement two weeks later. [Docs. 91, 94]. Therein, he moves for compassionate release on equitable grounds, citing recent caselaw. He stresses his intent to proceed under 18 U.S.C. § 3582 rather than 28 U.S.C. § 2255.

## II. COMPASSIONATE RELEASE

Section 3582(c)(1)(A)(i) of Title 18, United States Code, allows district courts to consider prisoner motions for sentence reduction upon a finding of "extraordinary and compelling reasons."[1] That statute, as amended by the First Step Act of 2018, provides in relevant part:

> [T]he court, upon motion of the Director of the Bureau of Prisons ["BOP"], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

---

[1] The defendant's alternate reliance on 18 U.S.C. § 3582(c)(1)(A)(ii) is misplaced, because that subsection applies only to prisoners who are "at least 70 years of age." The instant defendant is only 36 years old. [Doc. 43].

2

> (i) extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission....

18 U.S.C. § 3582(c)(1)(A)(i). Prior to the First Step Act, a motion for compassionate release could only be brought by the BOP Director, not a defendant. *See* 18 U.S.C. § 3582(c)(1)(A) (2017). The First Step Act amended § 3582(c)(1)(A) to allow a defendant to file a motion for compassionate release after first asking the BOP to file such a motion on his behalf. *See, e.g., United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020).

The present defendant has not filed documentation showing that he presented his new compassionate release theories to his warden. Due to that lack of proof, the United States argues that the Court does not have jurisdiction to review those claims. *See, e.g., United States v. Williams*, 987 F.3d 700, 703 (7th Cir. 2021) ("[A]n inmate is required to present the same or similar ground for compassionate release in a request to the Bureau as in a motion to the court.").

This Court agrees. The defendant's omission of proof is a "glaring roadblock foreclosing compassionate release." *Alam*, 960 F.3d at 835 (quoting *United States v. Raia*, 954 F.3d. 594, 597 (3d Cir. 2020). His latest compassionate release request will therefore be denied with leave to renew.

### III. APPOINTMENT OF COUNSEL

In denying this defendant's prior request for appointment of counsel, the Court stated,

> As for the defendant's request for appointed counsel, there is no constitutional right to an attorney in post-conviction proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further."); *Foster v. United States*, 345 F.2d 675, 676 (6th Cir. 1965) (holding that the constitutional right to counsel does not extend to collateral proceedings). A district court has *discretion*, under 18 U.S.C. §

3

3006A(a)(2), to appoint counsel when "the interests of justice so require." In exercising that discretion, a court should consider several factors, including the nature of the case, whether the issues are legally or factually complex, and the litigant's ability to present the claims for relief to the court. *See Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993).

The compassionate release arguments presented to the Court in this case are straightforward and familiar, not beyond the capability of an ordinary *pro se* litigant. Moreover, pursuant to this court's Standing Order SO-19-04, Federal Defender Services of Eastern Tennessee ("FDSET") has already been appointed to represent all defendants who file a *pro se* § 3582(c)(1)(A) motion.

[Doc. 82, p. 9-10]. For those same reasons, the defendant's renewed request for appointment of counsel will also be denied.

### IV. CONCLUSION

As provided herein, the defendant's renewed motion for compassionate release [docs. 91, 94] is **DENIED WITH LEAVE TO RENEW**, and his renewed motion for the appointment of counsel [docs. 91, 94] is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge

4